**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| MARTIZE JAMES SEVION-EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:17-cv-0437-TWP-DML |
| | ) | |
| MICHAEL KING, STEVEN G. | ) | |
| CRAYCRAFT, THOMAS A. CANNON, JR., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Directing Further Proceedings**

**I.**

The plaintiff shall have **through March 15, 2017,** in which to either pay the $400.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. If he seeks leave to proceed *in forma pauperis*, his request must be accompanied by a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on February 10, 2017.

**II.**

The plaintiff is a prisoner currently incarcerated at Pendleton Correctional Facility ("Pendleton"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6).  *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).  To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff brings this action against an Indiana state court judge and two employees of the Delaware County Clerk's Office. He asks this Court to enforce a $91,500,000.00 judgment that he allegedly obtained against seventeen defendants in Delaware County Circuit Court in case numbers 18C01-1610-PL-128 and 18C05-0908-FB-11.[1]

This action must be dismissed for lack of subject matter jurisdiction. Subject to specific exceptions not implicated by the circumstances of this case, "[a] federal court may exercise jurisdiction where: 1) the requirements for diversity jurisdiction set forth in 28 U.S.C. § 1332 are met; or 2) the matter arises under the Constitution, laws, or treaties of the United States as provided in 28 U.S.C. § 1331." *Barringer-Willis v. Healthsource North Carolina,* 14 F. Supp. 2d 780, 781 (E.D.N.C. 1998). "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers*

---

[1] The Court takes judicial notice that judgment has not been entered in Delaware County Circuit Court case no. 18C01-1610-PL-128. A judgment of conviction in Delaware County was entered against the plaintiff in case number 18C05-0908-FB-11 on December 28, 2010, for criminal confinement, intimidation, and pointing a firearm. However, these cases do not reflect that Plaintiff has been awarded a multi-million dollar judgment against the defendants in either of the Delaware County state court actions which he references in his complaint.

*Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court of Appeals has repeatedly held that "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *See Hart v. FedEx Ground Pkg. Sys. Inc.,* 457 F.3d 675, 679 (7th Cir. 2006).

Here, there is no allegation of conduct which could support the existence of federal question jurisdiction. *See Williams v. Aztar Ind. Gaming Corp.,* 351 F.3d 294, 298 (7th Cir. 2003)(explaining federal courts may exercise federal-question jurisdiction when a plaintiff's right to relief is created by or depends on a federal statute or constitutional provision). The plaintiff is asking this Court to enforce an alleged state court judgment. In addition, there is no allegation of diversity of citizenship. *See Denlinger v. Brennan,* 87 F.3d 214, 217 (7th Cir. 1996) (holding that failure to include allegations of citizenship requires dismissal of complaint based on diversity jurisdiction). All of the parties appear to be residents of Indiana.

### III.

The plaintiff's complaint must be dismissed for the reason set forth above. The plaintiff shall have **through March 15 2017**, in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: 2/14/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:


MARTIZE JAMES SEVION-EL
#901684
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

Financial Deputy Clerk